In the Matter of Ross J. DiLorenzo, a Judge of the Civil Court of the City of New York. SOLOMON A. KLEIN, Petitioner; Ross J. DiLorenzo, Respondent.

Second Department, April 3, 1972.

*Solomon A. Klein,* counsel appointed to prosecute the proceeding, petitioner.

*Edward H. Freiberger (Fabian G. Palomino* of counsel), for respondent.

*Per Curiam.* Having received a written complaint from an Assistant Counsel of the New York State Waterfront Commission with respect to certain acts and conduct of the respondent, this court requested Solomon A. Klein, Esq., to conduct an investigation of the complaint and to render a written report. Upon the submission of the report, it was determined that sufficient cause existed for the institution of this proceeding (N. Y. Const., art. VI, § 22, subd. i; Code Crim. Pro., § 132).

Thereafter, the matter was referred to the Honorable ROBERT E. DEMPSEY, a Justice of the Supreme Court of the State of New York, for hearing and report. Mr. Justice DEMPSEY, after extensive hearings, submitted a report containing his findings.

The respondent now moves for an order (1) confirming the report, (2) closing the proceeding and (3) directing that he resume his duties as a Judge of the Civil Court of the City of New York. The petitioner cross-moves for an order confirming the findings of fact contained in the report and imposing such measure of discipline as may be just and proper.

The " Statement of Charges " served upon the respondent sets forth two specific acts of alleged misconduct. The first charge alleges that in February, 1967 the respondent attempted to improperly influence an investigation being conducted by the New York State Waterfront Commission by arranging through an intermediary to meet and confer with the commission's Assistant Counsel in charge of the investigation. In the second charge it is alleged that the respondent testified falsely before Mr. Klein " on matters material to a determination of the content and purpose of his meeting and conference with the Commission's Assistant Counsel."

It is undisputed that the respondent, with no prior acquaintance with the Assistant Counsel, arranged through a mutual friend to meet with the Assistant Counsel for lunch on February 6, 1967. There is sharp dispute, however, as to the purpose and nature of the meeting. As stated by Mr. Justice DEMPSEY, the testimony of the Assistant Counsel " would, if accepted as given, form a predicate for a charge of an attempt to improperly influence  *  *  *  [the Assistant Counsel] in the performance

of his duties. But, the testimony must be viewed in the context of the entire record.''

° The respondent testified that the purpose of the meeting was to determine whether the Assistant Counsel could be of help to him in screening applicants who desired to join a membership corporation in which the respondent was interested. While it appears from the record that there was discussion concerning the investigation that was being conducted by the Waterfront Commission, particularly as it involved a good friend of the respondent, Mr. Justice DEMPSEY found that the '' statements made by the Judge were not uttered to corruptly obstruct, impede or interfere with the investigation, as these conversations are viewed in this proceeding. Nor does this Court find that Judge DiLORENZO fronted for remote and sinister influences in seeking the meeting.'' The Justice further found, and we agree, that the second charge against the respondent, i.e., testifying falsely before Mr. Klein, was not established by the evidence.

Although we confirm the finding that there was no improper or ulterior motive on the part of the respondent with respect to the conduct which was the subject of the charges against him, we also agree with Mr. Justice DEMPSEY that the respondent utilized poor judgment in seeking out the commission's Assistant Counsel and that '' it was a tactless display to have gone to * * * [the Assistant Counsel] and to have even arranged the luncheon, to have gotten into an argument with * * * [the Assistant Counsel] and to have even allowed himself to get into any discussion about this investigation.''

It is our opinion that the respondent did not act judiciously or properly (cf. Canons of Judicial Ethics of the New York State Bar Association, canons 4, 34), but his conduct was not such as to justify his removal from office. We conclude, however, that his conduct does warrant censure.

Accordingly, the motion to confirm the report and the cross motion to confirm the findings of fact therein contained are granted; the respondent is censured; the temporary suspension of the exercise of his office is terminated; the respondent is directed to resume his duties forthwith; and the proceeding is closed.

HOPKINS, Acting P. J., MUNDER, LATHAM, CHRIST and BRENNAN, JJ., concur.

Motion and cross motion granted; respondent is hereby censured; the temporary suspension of the exercise of his office is

terminated; he is directed to resume his duties forthwith; and the proceeding is closed.